Filed  6/10/16  P. v. Nix CA3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON DEJUAN NIX,<br><br>    Defendant and Appellant. | B268731<br><br>(Los Angeles County<br>Super. Ct. No. YA059803) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven Van Sicklen, Judge.  Affirmed.

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Defendant and appellant Brandon Dejuan Nix appeals from an order denying his petition for writ of coram nobis. We affirm the order.

## BACKGROUND

On February 16, 2006, a jury found Nix guilty of murder (Pen. Code, § 187),[1] attempted murder (§§ 187, subd. (a), 664), and evading an officer (Veh. Code, § 2800.2, subd. (a)). In April 2006, he was sentenced to 134 years to life in prison. He was also ordered to pay actual restitution in the amount of $14,515 to the victim's mother and $66,111.04 to the Victim Compensation and Government Claims Board.

In September 2015, Nix filed a petition for writ of error coram nobis to vacate the restitution award.[2] On October 22, 2015, the trial court denied the petition and noted: "This issue has been raised in a previous request for writ of habeas corpus. Ability to pay is not an issue with regards to actual restitution."

## DISCUSSION

After review of the record, Nix's court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated March 2, 2016, we advised Nix that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We received no brief or letter.

Nix was ordered to pay actual restitution under section 1202.4, subdivision (f). That subdivision does not limit restitution to a $200 maximum. Nor does the subdivision make imposition of restitution dependent on Nix's ability to pay it.

We have examined the record and are satisfied Nix's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     In December 2009, Nix filed a petition for writ of habeas corpus, case No. B220700, in this court that raised the same issue. We denied the writ.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, Acting P. J.

We concur:

LAVIN, J.

HOGUE, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3